Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiffs entered into a contract with the defendant January 6, 1940, for the construction and delivery of six glass roof skylights. The skylights were for the installation in a garage being built under the Work Projects Administration for the Department of Sanitation of the City of New York.
*242 The contract provided that the vendor (plaintiffs) should submit shop detail drawings for approval to the Work Projects Administration.
The contract further provided that plaintiffs’ skylights should “be constructed and fabricated in full accordance with the requirements of the New York Building Code, relating to this type of material.”
The plaintiffs duly submitted their detail shop drawings to the Work Projects Administration, who in turn submitted them to the Bureau of Architecture, Department of Public Works, New York City. This bureau disapproved them on the ground that the method of construction did not comply with the New York Building Code, in that the method did not have the approval of the Board of Standards and Appeals of New York City. It was explained to plaintiffs that it would be necessary for them to secure the requisite approval from the Board of Standards and Appeals.
Although being so informed the plaintiffs did not undertake to secure the approval of the Board of Standards and Appeals.
The record is somewhat obscure as to plaintiffs’ reason for not applying for the approval. Whatever the reason, there is none given that prevented plaintiffs from going ahead and making the application. Extension of time for delivery might have been asked for, although in this respect the plaintiffs were told that their time for delivery would be 20 instead of the agreed 45 days after approval of the drawings, a shortening of time for which there appears to have been no authority.
Plaintiffs claim that the defendant so constructed the roof as not to take plaintiffs’ style of skylight. But this is not material, as plaintiffs had only to comply with their own contract of construction and delivery, which did not include installation. The way in which the defendant constructed the roof was at its own risk.
The plaintiffs failed to perform their contract and after due notice the defendant secured the skylights from other sources, with the usual process of advertising and bidding. *243 Thereby the defendant was subjected to an excess cost of $768.84 over plaintiffs’ contract.
We are of the opinion that plaintiffs cannot recover and that the defendant is entitled to recover $768.84 on its counterclaim.
It is so ordered.
Madden, Judge; Whitakee, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.